## LYONS v. BAER & WILDE CO.

Circuit Court of Appeals, First Circuit.
May 31, 1928.

No. 2205.

1. Patents ⬦168(2⅝)—Patentee, who surrendered claim for broad construction to obtain patent, is estopped to assert broad construction in infringement suit.

Patentee, who voluntarily restricted himself by an amendment of his claim following suggestions of Patent Office, in order to obtain patent, may not in infringement suit claim broad construction disregarding amendment.

2. Patents ⬦328—885,135, for improvement in separable cuff buttons, held not infringed.

Barney patent, No. 885,135, for improvement in separable cuff buttons having detachable coupling, held not infringed.

3. Patents ⬦327(14)—Judgment denying patent infringement in suit by plaintiff's assignor, in which defendant in suit at bar openly conducted defense with complainant's knowledge, held res judicata.

Judgment denying infringement in suit brought by plaintiff's assignor, in which defendant in suit at bar openly and avowedly conducted defense with complainant's knowledge, held res judicata of issue of infringement.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by Charles D. Lyons against the Baer & Wilde Company for infringement of patent. Decree for defendant, and plaintiff appeals. Affirmed.

Franklin F. Phillips, of Boston, Mass., for appellant.

Robert Cushman and William Gates, Jr., both of Boston, Mass. (Roberts, Cushman & Woodberry, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge. This is a suit for infringement of letters patent No. 885,135, dated April 21, 1908. The patent was issued to Frank P. Barney and subsequently acquired by the plaintiff. It relates to an alleged improvement in separable cuff buttons composed of two separate parts, each consisting of an outer head and an inner flange rigidly connected by a post. Each part is adapted to be independently inserted and retained in a buttonhole. The two separate parts are provided with a detachable connection, or coupling, so they may be joined or separated at pleasure either in or out of the cuff.

Since 1912 the defendant has been manufacturing and selling a separable cuff button well known to the trade as the "Kum-a-Part" cuff button. This button had two parts, each consisting of an outer head and inner flange, but the coupling member of the defendant's button, instead of being a swinging rotatable link, such as is shown in the patent in suit, consists of a snap fastener, like the ordinary glove fastener; the socket member of the fastener being in one of the button parts and the stud member being rigidly attached to the other. Up to 1922 the flanges on the defendant's button were convex, so that even with a fixed coupling head there was a slight rocking motion, especially after the button had become worn. The defendant, however, rejected as defective buttons which showed any looseness or play between the separate heads of the button. Since 1922 the surface of one of the flanges has been made concave and the other convex, thus eliminating so far as possible any rocking motion.

It is this "Kum-a-Part" cuff button, as manufactured and sold by the defendant, that, according to the plaintiff's allegation, infringes claim 1 of plaintiff's patent. The claim reads as follows:

"As an improved article of manufacture a separable cufflink button, the same comprising a pair of independent button members each provided with a fixed shank terminating in a lateral flange or enlargement adapted to pass through a buttonhole of the cuff and retain said member therein, a swinging coupling member or link mounted in one of the button members and extending longitudinally beyond its flange, and having the free end of said link constructed to engage with the fellow button member for detachably securing them together."

It is the plaintiff's contention that the scope of this claim is sufficiently broad to cover any separable cuff button in which the detachable connection permits any relative movement between the two button parts when joined together, and that inasmuch as in

some, at least, of the defendant's buttons there was a slight rocking movement between the two members, the buttons infringed.

The defendant, however, contends for a more narrow construction of the claim, and in support thereof it introduced in evidence the file wrapper, from which it appears that claim 1 as originally presented in the application was rejected on the French patent to Rouze, No. 348, 539, November 29, 1904, in view of Brunka, No. 558,349, April 14, 1896. Thereupon the first claim was amended. The amended claim was again rejected as disclosing no improvement upon the patent of Marks, No. 712,080, October 28, 1902, which showed two buttons with flanges and a fixed connecting member on one button inserted in the socket of the other. The Patent Office suggested further amendments, and the words "a link or connecting bar permanently mounted in one of the button members" were lifted out of amended claim 1, and in place thereof the words "a swinging coupling member or link mounted in one of the button members" were inserted.

[1] The file wrapper plainly presents a case where the patentee voluntarily restricted himself to a button with a swinging coupling member, an element which does not appear in the defendant's button. He surrendered his claim for a broader construction, and is estopped from now claiming a construction sufficiently broad to cover the fixed, or permanent, coupling member. This was the view taken by the District Judge, and in this view we concur. It finds support in the Circuit Court of Appeals for the Seventh Circuit, where the same patent was in suit and where the alleged infringing device was the same. F. Lewald & Co. v. Barnes, 262 F. 137.

It is also consistent with a recent decision of this court in I. T. S. Rubber Co. v. Essex Co., 1 F.(2d) 780, which decision has been affirmed by the United States Supreme Court. 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. 335. In the opinion of the Supreme Court we find this language (page 443 [47 S. Ct. 141]):

"It is well settled that, where an applicant for a patent to cover a new combination is compelled, by the rejection of his application by the Patent Office, to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent. * * * The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that, if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor, especially such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and looked upon as disclaimers. Sargent v. Hall Safe & Lock Co., 114 U. S. 63, 86 [5 S. Ct. 1021, 29 L. Ed. 67]; Shepard v. Carrigan, 116 U. S. 598 [6 S. Ct. 493, 29 L. Ed. 723]; Hubbell v. United States, 179 U. S. 85 [21 S. Ct. 24, 45 L. Ed. 95]. The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto. Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 429 [14 S. Ct. 627 (38 L. Ed. 500)]. So, where an applicant whose claim is rejected on reference to a prior patent, without objection or appeal, voluntarily restricts himself by an amendment of his claim to a specific structure, having thus narrowed his claim in order to obtain a patent, he 'may not by construction, or by resort to the doctrine of equivalents, give to the claim the larger scope which it might have had without the amendments which amount to a disclaimer.' Weber Elec. Co. v. Freeman Elec. Co., 256 U. S. 668, 677 [41 S. Ct. 600, 603, 65 L. Ed. 1162]."

[2] If the patent is to be given the construction for which the plaintiff now contends, it was clearly anticipated by earlier patents. The only element of novelty which rendered the article patentable was the swinging coupling member mounted on one of the button members. We are wholly in accord with the Circuit Court of Appeals for the Seventh Circuit in its statement that the claim "contemplates as one of its essential elements a link or coupling member which swings in the button member on which it is mounted." Since none of the buttons manufactured and sold by the defendant embodies this element, there is no infringement.

[3] The suit of F. Lewald & Co. v. Barnes, supra, was brought by plaintiff's assignor in the District Court for the Eastern Division of the Northern District of Illinois against a customer of the defendant. The defendant in the suit at bar assumed the expense of defending the suit in the Illinois court. The defense was open and avowed, and was generally known among the jewelry trade in the locality where the parties to the litigation carried on their manufacturing operations. There is no direct evidence, however, that the complainant Barnes was advised by the Baer & Wilde Company that it was assuming the defense until after the matter reached the

Circuit Court of Appeals, when the plaintiff was told by a representative of the company that it was going to undertake the prosecution of an appeal from the decision of the District Judge. As a result of the appeal, the decree of the District Court was reversed, and the order entered to dismiss the bill.

It is plain, therefore, that the appellate proceedings in the Circuit Court of Appeals, whose decision is the one finally disposing of the matter, were instigated and prosecuted by the Baer & Wilde Company openly and avowedly and with the full knowledge of plaintiff's assignor. The issues in the case were identical with those in the present case, and the identical cuff button was offered in evidence as the infringing button. The defendant in the suit at bar now claims that the plaintiff is bound by the decision of the Circuit Court of Appeals for the Seventh Circuit. If the decree of the Circuit Court of Appeals for the Seventh Circuit had been in favor of the complainant, he could very well have claimed the decree as res judicata in a subsequent suit against the Baer & Wilde Company (Elliott Co. v. Roto Co. [C. C. A.] 242 F. 941), and it seems to us that the decree is equally binding upon the complainant in view of the uncontroverted evidence that the proceedings in that court were conducted by the company openly and avowedly and with knowledge of the complainant. The element of mutuality in the estoppel is present in the case at bar.

In view of the conclusions which we have reached on the questions of infringement and res judicata, we have not thought it necessary to consider the defense of laches, which is also raised upon the record.

We find no error in the decree of the lower court dismissing the bill for noninfringement, and we also are of the opinion that the rights of the parties had already been adjudicated in another jurisdiction.

The decree of the District Court is affirmed, with costs to the appellee.