## UNIFLOW MANUFACTURING COMPANY v. IRAC CORPORATION, Appellant.

### No. 10294.

United States Court of Appeals Third Circuit.

Argued Dec. 19, 1950.

Decided Dec. 29, 1950.

C. W. Rivise, Philadelphia, Pa. (A. D. Caesar, Philadelphia, Pa., on the brief), for appellant.

William P. Cole, Philadelphia, Pa. (Synnestvedt & Lechner, Philadelphia, Pa., Alfred C. Aurich, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

The defendant has appealed from an order dismissing the second, third and fourth counterclaims which it filed in plaintiff's patent infringing suit. The second counterclaim sought a declaratory judgment of invalidity and non infringement with respect to 9 patents other than the one sued on by the plaintiff. The third counterclaim averred unfair competition and trade slander and libel and the fourth inducing and forcing breach of contract. An injunction was sought. Assuming, without deciding, that its inferential denial by the order appealed from rendered that order appealable under 28 U.S.C.A. § 1292(1) even though it was not a final order under Federal Rules of Civil Procedure, rule 54(b), 28 U.S.C.A., we have considered the merits of the appeal.

The second counterclaim was rightly dismissed because no actual or justiciable controversy was shown to exist between the parties with respect to the 9 patents in question at the time suit was brought. We are satisfied that the plaintiff's advertisement of March 22, 1948 upon which the defendant relied did not establish or define an area of conflict between these parties. See Federal Telephone & R. Corp. v. Associated Tel. & T. Co., 3 Cir., 1948, 169 F.2d 1012. And the specific charge of infringement of 6 of the 9 patents which counsel for the plaintiff made against the defendant in his letter of January 28, 1949 was expressly withdrawn by his letter of November 7, 1949 sent 7 days before the suit was started. The cases of Treemond Co. v. Schering Corporation, 3 Cir., 1941, 122 F.2d 702; Alfred Hoffmann, Inc. v. Knitting Machines Corporation, 3 Cir., 1941, 123 F.2d 458, and Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 1943, 137 F.2d 68, certiorari denied, 320 U. S. 761, 64 S.Ct. 70, 88 L.Ed. 454, upon which the defendant relies, are clearly distinguishable. The dismissal of the second counterclaim, which arose under the patent laws, compelled the dismissal of the third and fourth counterclaims for want of jurisdiction of the subject matter, since the parties are not of diverse citizenship. See 28 U.S.C.A. § 1338(b).

The order of the district court will be affirmed.