**TAYLOR v. MARCELLE, Collector of Internal Revenue.**

**Civ. A. No. 10108.**

United States District Court,
E. D. New York.

Feb. 9, 1951.

Oeland & Kuhn, New York City, attorneys for plaintiff (Walter R. Kuhn, New York City, of counsel).

Frank J. Parker, U.S. Atty., Brooklyn, N.Y., for defendant (Frederic G. Rita, Special Asst. to the Atty. Gen., of counsel).

KENNEDY, District Judge.

█ Sometime prior to 1935 plaintiff taxpayer challenged an assessment against him on the ground that he should have been permitted to return security profits under the taxable gain provision. The matter was litigated in the Board of Tax Appeals, and it was there decided specifically that plaintiff was a trader, and that the assessment was proper. On appeal, Taylor v. Commissioner of Internal Revenue, 2 Cir., 1935, 76 F.2d 904, the determination of the Board in respect to Taylor's status (as a trader) was held to be erroneous. But the Board's determination that ordinary rates should apply to the realized gain was upheld, because the taxpayer (Taylor) had failed to sustain the burden of showing that the shares were purchased prior to "the two-year period". 76 F.2d 904, 906. The Circuit Court of Appeals (loc.cit.) made it perfectly clear why, having upheld the taxpayer on one of the major issues litigated and specifically determined, nevertheless felt that remand was not required: "We realize how unsatisfactory it is to decide a litigation upon the failure of one of the parties to sustain the burden of proof but it is less unsatisfactory here than in some other situations. The taxpayer had a far better chance to find out when he bought and sold each share of stock than had the Commissioner, and he ought to have been able to show clearly when he made the sales, in what order, and at what prices. Without such information, it is quite impossible for us to know whether the sales in question were of stock that he had held for more than two years." Taylor applied for certiorari, which was refused. Taylor v. Commissioner of Internal Revenue, 1935, 296 U.S. 594, 56 S.Ct. 108, 80

L.Ed. 421. Nearly ten years later Taylor petitioned for rehearing in the Circuit Court of Appeals. His application was denied (December 26, 1944), and certiorari to review this action was refused. Taylor v. Commissioner of Internal Revenue, 1945, 324 U.S. 871, 65 S.Ct. 1016, 89 L.Ed. 1425. Now over five years still later Taylor brings suit in equity for a refund of the assessment (which he has paid). He is met by the defense of res judicata, and upon the basis of that defense the government moves for summary judgment.[1]

Taylor's argument is based in large measure on the fact that the Board of Tax Appeals was found to be in error in its determination that he was a trader, and that in equity the plea of res judicata cannot be sustained, because "no issue concerning the accuracy of the plaintiff's computation of his capital gain was raised by the Commissioner of Internal Revenue". Therefore, plaintiff argues that computations put forward before the Board of Tax Appeals, and discussed by the Circuit Court of Appeals, presented a purely collateral issue, concerning which Taylor is neither bound nor estopped by the decree. But this argument, it seems to me, is answered completely by the passage already quoted from the opinion of the Circuit Court of Appeals, and by its action not only in confirming the determination of the Board of Tax Appeals but in refusing to grant rehearing, the only object of which could have been to secure an amendment of the mandate and remand of the matter to the Board of Tax Appeals for further proof.

█ If I were now to overrule the plea of res judicata, my action would be tantamount to a revision of the mandate of the Circuit Court of Appeals. To entertain the suit would be to grant a new trial of the issue which that court said had been determined against the taxpayer, because on the record (which he elected to make)

---

1. On the argument the plaintiff also moved for summary judgment. I am aware of the fact that summary judgment does not necessarily follow merely because both sides have moved. Colby v. Klune, 2 Cir., 1949, 178 F.2d 872; Walling v. Richmond Screw Anchor Co., 2 Cir., 1946, 154 F. 2d 780. However, as will be seen, there is no possible claim in this case that any question of fact exists: decision turns upon the pure law question of whether the defense of res judicata is good or bad.

no relief could be granted against the assessment of which he complained.

There is no disputed issue of fact in the case. The application for summary judgment in defendant's favor is granted.

