**PARISSI v. GENERAL ELECTRIC CO.**

**Civ. A. No. 3817.**

United States District Court
N. D. New York.

Argued February 19, 1951.

Submitted March 6, 1951.

Decided March 30, 1951.

Andros & Smith, Albany, N. Y., for plaintiff. Harry A. Smith, Albany, N. Y., of counsel.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for defendant. Fish, Richardson & Neave, Charles H. Walker, New York City, of counsel.

BRENNAN, District Judge.

This action was originally brought in the Supreme Court of the State of New York and was removed to this court upon the petition of the defendant. The peti-

tion as required by 28 U.S.C.A. § 1446(a) contains a statement of the facts upon which the defendant claims the right of removal. In brief, defendant states that plaintiff's claim will involve the issues of validity and infringement of patents and is, therefore, within the exclusive jurisdiction of a district court under the provisions of 28 U.S.C.A. § 1338(a). Defendant also states that plaintiff's claim is one of unfair competition and is joined with a substantial and related claim under the patent laws thereby affording a basis of original jurisdiction of a district court as provided in 28 U.S.C.A. § 1338(b). There is no diversity of citizenship between the parties.

Plaintiff moves to remand the action to the state court urging that this court has no jurisdiction since the claim does not arise in any manner under the law relating to patents.

■ It is obvious that the nature of the controversy is determinative of this motion. Recourse is then had to the complaint, since it is well-recognized that in determining whether or not the suit arises under the laws of the United States "* * * the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank, 299 U.S. 109, at page 113, 57 S.Ct. 96, at page 98, 81 L.Ed. 70; see also cases cited therein.

The complaint alleges that prior to 1943, the plaintiff was the first and sole inventor of a novel and useful electric clock; that his invention was disclosed to the defendant in confidence and with the understanding that, if the defendant desired rights in or under such invention, plaintiff was to be paid therefor; that negotiations between the parties followed, but no agreement was reached; that in 1945 application for letters patent on said invention was filed by plaintiff, copy of which was sent to defendant at its request; that a patent was issued on said application in 1948; a reissue patent was granted on August 22, 1950, and that plaintiff is sole owner of said invention and Letters Patent. The complaint further alleges that after the disclosure of the invention to defendant it was wrongfully appropriated by the defendant in the manufacture of clocks and radios resulting in its unjust enrichment in excess of one million dollars. For a second cause of action plaintiff re-alleges the above allegations, and further alleges that by reason of the sale by defendant of items embodying plaintiff's invention the market for said invention has been reduced to plaintiff's damage in the sum of $250,000.

The prayer for relief demands an accounting of the profits received by the defendant from the sales described above, and for $250,000, together with any additional appropriate relief.

The controversy most certainly appears to be a common law action based upon the theory of unjust enrichment resulting from the misappropriation of an idea obtained under a confidential relationship. The form of the action is not novel, and both state and federal precedents are available.

■ The following quotation taken from Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690, at page 691, would seem to be determinative of this motion. "For a suit to 'arise under' a law of the United States, the plaintiff must base his right upon a Federal statute. If his rights depend on principles of common law and equity, the fact that a patent or copyright is incidentally involved does not give federal jurisdiction."

■ Here the allegations in the complaint as to the issue and re-issue of the patent appear to be of no importance, since "* * * the question of validity of the patents was not involved * * *" and they would be admissible in evidence only "* * * as part of the history * * * between the parties * * *." Matarese v. Moore-McCormack Lines, 158 F.2d 631, at page 633, 170 A.L.R. 440. The two authorities above mentioned, together with the cases cited therein, seem to follow an unbroken line of precedents in the state and federal courts. The cases of Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356,

73 L.Ed. 752, and Tabor v. Hoffman, 118 N.Y. 30, 23 N.E. 12 are frequently cited in such precedents.

The defendant's contentions have not been overlooked. The claims made that the action necessarily involves the infringement and validity of plaintiff's patent is rejected, since the precedents cited above show that patentability is not an element of the action. The claim that unfair competition is the crux of the suit is rejected, since the action lacks the essential elements of that type of litigation.

The defendant appears to contend that the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, has been extended by the 1948 amendment to 28 U.S.C.A. § 1338, and that the recent decision of the Second Circuit cited in Conmar Products Corp. v. Universal Slide Fastener Co., 2 Cir., 172 F.2d 150, at page 155, show that this court has jurisdiction of this action within the so-called "Second Circuit Rule". The Court can find no authority for such a conclusion. The Conmar case itself and the three cases cited therein all refer to actions where patent infringement is the main issue and the non-federal issue constituted a substantial and related claim. That they are not applicable precedents is apparent from the fact that the Wells and Matarese cases, supra, were both decided after the so-called rule was established as indicated by the cases referred to in the Conmar case, supra.

A determination as to whether or not the right of recovery in this case is limited to that period of time prior to the filing of the patent application is not necessary to the decision of this motion. If a conflict exists between the holdings in the Matarese and Conmar cases, it affects the extent of recovery, not the question of jurisdiction. Even if it be assumed that plaintiff has demanded more relief than that to which he is entitled, the nature and basis of the action is not thereby changed. The admonition that this Court must be vigilant not to infringe upon state court rights and jurisdiction is applicable here. The evidence may well disclose the extent of the invasion of plaintiff's property rights, and resolve any conflict. In any event, it is a problem for the trier of the facts and, since the action is to be remanded, the state law will govern.

The citation and discussion of further authorities is unnecessary to support the conclusion that the motion to remand must be and is granted for the reason that jurisdiction is lacking in this Court.