**TELECHRON, Inc., et al. v. PARISSI.**

**Civ. No. 3831.**

United States District Court
N. D. New York.

Argued Feb. 19, 1951.

Decided March 31, 1951.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., Fish, Richardson & Neave, New York City (Charles H. Walker, New York City, of counsel), for plaintiffs.

Andros & Smith, Albany, N. Y. (Harry A. Smith, Albany, N. Y., of counsel), for defendant.

BRENNAN, Chief Judge.

This is an action for a declaratory judgment in which the plaintiffs seek the usual relief, including a judgment that three certain patents owned by the defendant are invalid and not infringed by plaintiffs.

The defendant seeks to dismiss the complaint for lack of jurisdiction based upon the contentions that (a), the only controversy between the parties involves the question as to whether or not the plaintiffs have wrongfully appropriated the invention of the defendant confidentially disclosed to the plaintiffs; (b), that there is no actual controversy between the parties as to the validity and scope of the Parissi patents; (c) and (d), that this action would deal only with the question of validity and infringement of such patents and would not settle the entire controversy; (e), (f), and (g), that practical convenience is not served by this action, which was commenced subsequent to the action to recover for the misappropriation above mentioned, and good reason does not exist to justify the exercise of the Court's discretion in granting the relief by way of a declaratory action.

About November 15, 1950, the defendant brought an action against plaintiffs in a state court for an accounting and to recover damages based upon the alleged misappropriation by plaintiffs of defendant's invention. On December 5, 1950, that action was removed to this court and on December 22, 1950, this action was instituted. Parissi moved to remand the unjust enrichment case to the state court upon the ground that this court had no juris-

diction. That motion was argued at the same time the present motion came on for a hearing, and the Court has now decided that the motion to remand should be granted.

The present status of the two actions is that the unjust enrichment action has been remanded to the state court upon the ground that patent infringement and validity is not involved therein, and that this court has no jurisdiction. The instant action which concerns the validity and infringement of the Parissi patents remains in this court.

The above statement is necessary by reason of the fact that the pleadings in the two actions overlap and the contentions of the parties in the briefs filed here are intermingled and somewhat confusing.

Having already held that the patent question is not an element in the unjust enrichment case, the only real ground of this motion is that there is no actual controversy between the parties as to validity and infringement of defendant's patents.

The Court agrees with the plaintiffs that defendant's motion to dismiss must be based either upon the insufficiency of the complaint or upon a showing that in fact there is no claim by the defendant that the plaintiffs have infringed his patents.

The question of the sufficiency of the complaint can be disposed of by the statement that it appears to be in the usual form; that it alleges the existence of an actual controversy; that it contains allegations to the effect that the defendant asserts ownership of three certain patents, and that the plaintiffs are engaged in the manufacture of clock-controlled switches which violate defendant's rights in said patents, and that such patents are invalid for lack of invention, and in effect have not been infringed by plaintiffs. The moving party in no way points out any particular deficiency in the complaint, the allegations of which must be taken as true upon this motion.

As to the contention that no actual controversy exists between the parties, the defendant seems to rely upon the existence of the unjust enrichment action as limit-

ing the extent of the instant controversy. It appears, however, in one of the affidavits filed on this motion that prior to the commencement of this action a letter was written by one of defendant's attorneys to plaintiffs' representative. The letter expresses the opinion of the writer that certain items manufactured by the plaintiffs clearly infringe at least two of the patents, the validity of which is the subject of this action. There is a further reference in the letter from which it can be inferred that the matter of infringement can not be settled except by further litigation, unless the unjust enrichment action were settled. Even if it be assumed that the motion raises the factual issue as to the existence of an actual controversy, the letter settles that question. The maker of the affidavit recognizes the above fact, and seeks to blunt the statements made therein by asserting that the letter was merely the expression of his own opinion as distinguished from that of his client, and that, in fact, he had no authority to write such letter. It is to be noted, however, that there is no disclaimer of the letter under discussion on the part of Parissi. The letter was not expressly withdrawn as in the case of Uniflow Mfg. Co. v. Irac Corp., 3 Cir., 185 F.2d 677. Neither is there any affidavit by Parissi or statement made by him which would indicate that he himself does not claim infringement of his patents by the plaintiffs.

The entertainment of a declaratory action involves some elements of judicial discretion but the Court can find no impelling reason why such discretion should be exercised in the dismissal of this action. The unjust enrichment case which involves the idea covered by two of the patents will not settle the question of patent infringement, according to the argument made by defendant upon the motion to remand in that case. Such argument was adopted by the Court in its decision on that motion. In this case, there is also an additional patent involved.

The moving parties cite no judicial precedent which may be deemed an authority here. The question as to when an actual controversy exists has been the subject of many reported decisions, but it seems plain to the Court that the citation and discussion of same are unnecessary to support the conclusion that the motion to dismiss must be denied.