**TELECHRON, Inc., et al. v. PARISSI.**

No. 201, Docket No. 22262.

United States Court of Appeals
Second Circuit.

Argued March 12, 1952.

Decided June 17, 1952.

---

Whalen, McNamee, Creble & Nichols, of Albany, N. Y., for appellants; Charles H. Walker, Henry J. Zafian, Charles M. Allen, and Fish, Richardson & Neave, of New York City, of counsel.

Andros and Smith, of Albany, N. Y., for appellee; Daniel H. Prior, Harry A. Smith, Albany, and Charles P. Bauer, New York City, of counsel.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

SWAN, Chief Judge.

This appeal from an order striking certain matter from the complaint in a declaratory judgment action raises questions as to the district court's jurisdiction to hear a non-federal claim with a federal claim, when there is no diversity of citizenship between the parties. The complaint sought (1) a declaration that three patents issued to the defendant are invalid and were not infringed, (2) a declaration that neither of the plaintiffs has violated any other rights of the defendant, including rights based upon any alleged disclosure of any of the subject matter of the patents, and (3) an injunction against the bringing of suit by the defendant charging infringement of the patents, or charging that other rights of the defendant have been violated by the plaintiffs. Federal jurisdiction with respect to the patents was founded on 28 U.S.C.A. §§ 2201 and 1338(a) and with respect to the other claim on § 1338(b). The order on appeal struck from the complaint all matter relating to the defendant's non-patent rights and dismissed the claim set forth in the matter so stricken.[1]

1. The district court's opinion was delivered orally and is not officially published.

The patents in suit relate to flashing light alarm clocks and clock controlled switches. Litigation between the parties was initiated by the patentee, Parissi. In November 1950 he sued General Electric Company in the Supreme Court of Albany County, New York. His complaint alleged that before applying for the patents later issued to him, he had disclosed his invention to General Electric Company in confidence, that it had thereafter wrongfully appropriated his invention and realized profits therefrom to which he was justly entitled and for which he sought an accounting. After removing this suit to the federal court, General Electric and Telechron brought the present declaratory judgment action against Parissi. He promptly moved to dimiss it and also moved to remand the removed action. Both motions were argued before · Judge Brennan, who granted the motion to remand, 97 F.Supp. 333 and denied the motion to dismiss, 97 F.Supp. 355. Thereafter on the first day of the trial of the declaratory judgment action, which came on before Judge Foley, Parissi made the motion to strike on which was entered the order now before us on appeal. Ruling on the motion was deferred until the plaintiffs rested their case. It was then granted in an oral opinion in which Judge Foley concluded that Judge Brennan's prior opinions had decided that the court lacked jurisdiction of the non-patent claim and also that Judge Brennan had exercised his discretion not to take jurisdiction over that part of the complaint "involving the confidential disclosure and unjust enrichment." Judge Foley added that in the exercise of his own discretion, if he had discretion, he would exercise it in favor of

the defendant Parissi. Hence the questions presented on appeal are (1) whether the district court has jurisdiction of the non-patent claim, and (2) if it has, whether discretion was abused in refusing to hear it.

 Before discussing the merits we must pass upon the appellee's contention, made in reliance upon this court's decision in Flegenheimer v. General Mills, 2 Cir., 191 F.2d 237, that the order is interlocutory and non-appealable, despite inclusion in the order of the express determination specified in Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C.A. Judge Clark is of opinion that the Flegenheimer case should be overruled.[2] But, all else aside, a majority of the court thinks the case at bar does not present the necessity of reconsidering the question there decided. Section 1292 (1) of Title 28 allows an appeal from interlocutory orders refusing injunctions. The plaintiffs' complaint prayed that the defendant be enjoined from bringing suit against them "charging that said flashing light alarm clocks, clock controlled switches, or clock controlled radios embody any invention to which rights are owned by defendant or have been made or sold in violation of defendant's rights." Striking the quoted words and dismissing the complaint in so far as it related to the non-patent claim was refusal of an injunction, and consequently appealable even if the order be regarded as interlocutory.[3]

Turning to the merits of the appeal, the first question for consideration is the jurisdiction of the district court. The complaint is set forth in the margin, the words in italics being the matter which the court ordered stricken.[4] Although the district

2. Opposed to it are Bendix Aviation Corp. v. Glass, 3 Cir., 195 F.2d 267; Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853; and Judge Clark's thorough discussion of the subject in his concurring opinion in Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 194 F.2d 422.

3. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 433, 53 S.Ct. 202, 77 L.Ed. 408; Drittel v. Friedman,

2 Cir., 154 F.2d 653, 654; Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 2 Cir., 186 F.2d 997, 998; Raylite Electric Corp. v. Noma Electric Corp., 2 Cir., 170 F.2d 914, 915. Cf. Morgenstern Chemical Corp. v. Schering Corp., 3 Cir., 181 F.2d 160.

4. "Plaintiffs for their complaint allege:
 "1. Plaintiff Telechron, Inc. is a Maine corporation having an office at Ashland, Massachusetts; plaintiff General Electric

court referred to the complaint as alleging a patent claim and a non-patent claim, close examination of the complaint discloses, we think, that in reality three claims are averred as to which the plaintiffs sought declarations of rights and injunctive relief: (1) a claim that the patents are invalid and have not been infringed;[5]

Company is a New York corporation having its principal office at Schenectady, New York.

"2. Defendant is a resident of the City of Cohoes, in the County of Albany and State of New York.

"3. This suit arises out of an actual controversy between the parties as to the validity and scope of United States Letters Patent *and as to various claims by defendant against plaintiffs based on plaintiffs' alleged use of the subject matter of defendant's patents, alleged to have been disclosed by defendant to plaintiffs in confidence;* jurisdiction is conferred upon this Court by the Judicial Code, 28 U.S.C.A. §§ 2201 and 1338 (a) *and (b).*

"4. Plaintiff Telechron, Inc. has been engaged within six years prior to the filing of this complaint, among other things, in the manufacture and sale of flashing light alarm clocks and clock controlled switches for use in clock controlled radio and for the control of other devices, and still is engaged in the manufacture and sale of clock controlled switches; plaintiff General Electric Company has been engaged, within six years prior to the filing of this complaint, and still is engaged, among other things, in the sale of flashing light alarm clocks and clock controlled switches, and in the manufacture and sale of clock controlled radios.

"5. Defendant has asserted and still asserts ownership of United States Letters Patent No. 2,444,748 and Reissue No. 23,261 and of the alleged inventions covered by said patents, and that plaintiff Telechron, Inc. by its manufacture and sale, and plaintiff General Electric Company by its sale, of said flashing light alarm clocks and clock controlled switches, have violated defendant's rights in said alleged inventions and patents; defendant has also asserted and still asserts that he disclosed said alleged inventions to plaintiffs in confidence and under the express understanding that said alleged inventions would not be used without compensation to him.

"6. Defendant has asserted and still asserts ownership of United States Letters Patent No. 2,512,775 and of the alleged invention covered by said patent, and that plaintiff General Electric Company by its manufacture and sale of clock controlled radios has violated defendant's rights in said alleged invention and patent.

"7. Said patents are invalid for lack of invention, among other reasons, and defendant's rights in said patents and alleged inventions have not been violated by plaintiffs or either of them.

"8. *Said alleged inventions were not disclosed to plaintiffs in confidence and were not disclosed subject to any understanding, express or implied, that compensation would be paid therefor to defendant. Defendant disclosed nothing to plaintiffs, or either of them, which was novel or not already known to plaintiffs, and neither plaintiff has violated any right of defendant or damaged defendant in any way.*

"Wherefore, plaintiffs pray:

"1. For a declaratory judgment that United States Letters Patent Nos. 2,444,748, 2,512,775, and Reissue No. 23,261 are invalid and have not been infringed by either plaintiff.

"2. For a declaratory judgment that defendant has no rights in the alleged inventions purported to be covered by said patents, *or otherwise,* which have been violated by plaintiffs or either of them.

"3. *For a declaratory judgment that the said alleged inventions were not disclosed to either plaintiff in confidence or subject to an understanding, express or implied, that compensation would be paid to defendant therefor by either plaintiff.*

"4. For an injunction against the bringing of suit by defendant against plaintiffs or any purchaser or user of flashing light alarm clocks or clock controlled switches manufactured by plaintiff Telechron, Inc. and sold by either plaintiff Telechron, Inc. or General Electric Company, or of clock controlled radios manufactured or sold by General Electric Company, charging infringement of defendant's said patents or any of them, *or charging that said flashing light alarm clocks, clock controlled switches or clock controlled radios embody any invention to which rights are owned by defendant or have been made or sold in violation of defendants' rights.*

"5. For such further relief as may be proper including their costs in this action."

5. This claim is plainly within the court's jurisdiction by virtue of 28 U.S.C.A. §

(2) a claim that the alleged inventions were not disclosed to the plaintiffs in confidence;[6] (3) a claim that the alleged inventions were not disclosed subject to any understanding, express or implied, that compensation would be paid therefor to defendant.[7] The second and third claims involve common law rights and, since diversity of citizenship is lacking, jurisdiction must depend upon the applicability of 28 U.S.C.A. § 1338(b).[8] This court has recently considered the problem of dependent jurisdiction in Kleinman v. Betty Dain Creations, 2 Cir., 189 F.2d 546 and Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921, certiorari denied 342 U.S. 913, 72 S.Ct. 360. In the former two causes of action were asserted, one for patent infringement, the other for breach of contract to pay for use of the patented article. It was held, Judge Clark dissenting, that a failure to make payments under a licensing agreement does not constitute the tort of unfair competition and therefore the claim for breach of contract was not within the dependent jurisdiction of § 1338(b). In the Schreyer case the complaint charged both infringement of a patent and unfair competition consisting in the use of information which had been confidentially disclosed to the defendants during negotiations concerning the granting of a license to them. We held that the use of confidentially disclosed information to invade the plaintiff's market was unfair competition and that jurisdiction existed under § 1338(b). In the case at bar, the non-patent claim referred to above as claim (2) falls squarely within the Schreyer decision, and the claim referred

to as claim (3) within the Betty Dain decision.

 In differentiating Betty Dain in the later Schreyer case, the court said, 190 F.2d at page 924: "Unlike the situation in Kleinman v. Betty Dain Creations, Inc., 2 Cir., 189 F.2d 546, 548, this dependent cause of action does not 'sound primarily in contract.'" The difference between the two cases as we read them is that the duty in one rested on a contract based on a consensual undertaking, while the duty in the other depended on a contract implied in law because the relations between the parties were such that it would be unjust for the recipient of the information to use it to the detriment of the person who imparted it.[9] Why this difference in the nature of the obligation should be important in determining whether the violator of the obligation has engaged in "unfair competition" within the meaning of section 1338(b) is not expounded in the Schreyer case, and is not apparent to the court as now constituted. Whether the obligation is a fictional contract implied in law or a consensual contract not to use confidential information to invade the plaintiff's market of a patented device to which the information related, the wrong done is the same, and the claim asserting it would seem as truly a "claim of unfair competition" in the one case as the other. In our opinion the Betty Dain case was in substance overruled by the Schreyer decision, since the attempted distinction between them cannot logically be supported. We follow the later case and hold that the district court had dependent jurisdiction of both non-patent claims.

1338(a), as Judge Brennan held in 97 F.Supp. 355.

6. Paragraphs 3 and 5 of the complaint, and first clauses of requests 3 and 4 of the prayer for relief.

7. Paragraphs 5 and 8 of complaint, and final clauses of requests 3 and 4 of the prayer for relief.

8. "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a susbtantial and related claim under the copyright, patent or trade-mark laws."

9. That we treated the misuse of confidential information in the Schreyer case as raising as implied in law contract is apparent both from the language of the opinion and from the citation of Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, especially page 923. See also Matarese v. Moore-McCormack Lines, 2 Cir., 158 F.2d 631, 634, 170 A.L.R. 440; Protection & Use of Trade Secrets, 64 Harv.L.Rev. 976, 980–981. The Restatement of Torts indicates an action in tort may also be maintained on these facts. See § 757(b), comment (j).

■■ The district court also rested dismissal of the non-patent claims on the exercise of his discretion, if he had power to exercise discretion. This brings us to the question whether discretion was abused in not retaining jurisdiction of these claims. The appellants concede that in actions for declaratory judgment the court has wide discretion in refusing to exercise jurisdiction where another adequate remedy is available.[10] The reasons which moved the court to exercise discretion in favor of the state court action are stated in his opinion.[11] The primary reason appears to be the priority in point of time of Parissi's state court action. As this court recognized in Hammett v. Warner Bros. Pictures, 2 Cir., 176 F.2d 145, 150, the determination of priorities between pending cases on the basis of dates of filing is not to be applied in a mechanical way regardless of other considerations. See also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219.[12] The state court cannot deal with Parissi's patent claim; the federal court can dispose of that as well as the non-patent claims. In other words, it can terminate the litigation completely. The case had been on trial for 16 days before the court rendered its decision granting the motion to dismiss the non-patent claims. The evidence is not before us but the appellants' brief states that "Proofs covering every aspect of the confidential disclosure case had been presented by the appellants and,,

10. See Borchard, Declaratory Judgments, 2d ed., 293, 295; Fed.Rules Civ.Proc. rule 57; Larson v. General Motors Corp., 2 Cir., 134 F.2d 450, 453, certiorari denied 319 U.S. 762, 63 S.Ct. 1318, 87 L. Ed. 1713; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S. Ct. 219.

11. "I finally hold and I say that if Judge Brennan erred in deciding the lack of jurisdiction, or if he did not exercise his discretion as to the declaratory judgment action, then in the exercise of my own discretion, if I have any, and I sincerely believe I have, I would use that discretion in behalf of the defendant Parissi, and my reasoning for that is that Parissi instituted his state action first. I give that institution of the first action much credit and realize it should be honored as far as I am concerned personally. The state action was instituted November 6, 1950, was removed to the federal court December 5, 1950, and the action by General Electric and Telechron was instituted December 22, 1950. In giving credit to the priority of the Parissi action in the state court I am applying the same reasoning which is applied in the priority of federal actions within district courts and that reasoning is indicated in Crosley Corporation v. Westinghouse [Electric & Mfg. Co., 3 Cir.], 130 F.2d 474, and in Cresta Blanca Wine Company v. Eastern Wine Corporation [2 Cir.], 143 F.2d 1012. In my judgment the relief in the state action will be more expeditiously and effectively afforded than here. The answer by the defendant seems to be in the nature of a demurrer. There is no denial, or form of denial, that runs counter to the allegations of the complaint of the unjust enrichment and confidential disclosure idea. The answer or denial in that respect, as I remember, just states that those issues should be tried in the state Supreme Court. They form in my mind not a proper issue under the pleadings.

"I also in the exercise of my discretion believe that the unjust enrichment or unfair competition and confidential disclosure action should not be tried here because there is no request by the defendant Parissi in this Court for the computation of any damages. We do not have here a little side issue, as we have had indicated in some of the defenses in the previous cases that involve this jurisdictional opinion but we have the side issue which no matter what it may be worth has been termed by the plaintiff in the state action as an action for a million two hundred fifty thousand dollars. I also do not think we have a defendant here doubly harassed. We have a reversal of the parties. We have a different plaintiff than we would have in state court. For those reasons, particularly because of the priority in the federal court solely because the state court has large calendars in the Third Judicial District which are crowded, I feel it is only fair that the unjust enrichment action stay in the state Supreme Court."

12. Mr. Justice Frankfurter said, 342 U.S. at page 183, 72 S.Ct. at page 221: "* * * Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."

to the extent that Parissi wished, by him."
Under the circumstances it would seem
to conserve judicial effort and save expense
to the parties to dispose of the entire
controversy in the federal court rather
than to send the non-patent claims to the
state court where the same evidence would
have to be again presented.

Accordingly the order is reversed and
the cause remanded for further proceedings.