**TELECHRON, INC. et al. v. PARISSI.**
Civ. 3831.

United States District Court
N. D. New York.
Jan. 7, 1953.

Whalen, McNamee, Creble & Nichols, Albany, N. Y. (Charles E. Nichols, Albany, N. Y., Fish, Richardson & Neave, New York City, Charles H. Walker and Henry J. Zafian, New York City, of counsel), for plaintiffs.

Andros & Smith, Albany, N. Y. (Harry Smith, Albany, N. Y., of counsel), for defendant.

FOLEY, District Judge.

A new involvement arises in this difficult and protracted litigation. A sufficient background is given in Telechron, Inc., and General Electric Co. v. Parissi, 2 Cir., 197 F.2d 757, to portray the events leading to the present problem.

Since the above decision, the defendant patentee herein moved for leave to file and serve an amended answer and counterclaim. My order dated December 15, 1952, granted such request, without objection by the plaintiffs' attorneys, and provided that such amended answer and reply thereto by the plaintiffs "shall not affect or prejudice the resumption of the trial herein, before the Court, Hon. James T. Foley, Judge, on January 6, 1953, the date heretofore fixed by him for such purpose." Such amended answer and reply were duly served and filed in behalf of the parties. On December 24, 1952, the attorneys for the defendant served a demand for a trial by jury of the issues raised by defendant's second counterclaim and plaintiffs reply thereto. By formal motion returnable January 5, 1952, the plaintiffs move to strike such demand for a jury trial of the designated issues.

The major change from the original answer of the defendant is the insertion of a "Second Counterclaim," which is in substance the complaint filed in the New York Supreme Court action by Parissi against General Electric Co., removed to this court, and finally remanded to the state court. 97 F.Supp. 333. There are some significant differences between the allegations in the

state complaint and this counterclaim here inserted upon which a jury trial is sought. The allegation as to sales profits realized by the plaintiffs is increased to a figure greatly in excess of two million dollars instead of one million dollars, and the allegation and prayer for damages is increased to a sum in excess of $500,000 instead of the $250,000 set forth in the state complaint. The "accounting" demands in the prayer for relief in the state complaint are changed to demands of "disclosure," and the general demand "for such other relief as may be just and equitable in the premises" is made in the counterclaim as "such other relief as may be proper."

However, I only note these changes because it is my opinion that they have some bearing upon the important question as to the legal or equitable nature of the newly interposed counterclaim. There is no intention on my part to minimize or treat with sophistry this important right demanded by the defendant.

The complexity of these situations is evidenced by the abundance of case law and text authority. Moore's Federal Practice Vol. 5, 2d Ed. treats the entire subject in exhaustive detail, with a fine clarity that cuts the brush away.

■ It seems well settled that the nature of the patentee's counterclaim under the circumstances here will determine the basic nature of the issue in the case. 5 Moore's Federal Practice, 2d Ed., pages 151, 152; General Motors Corp. v. California, D.C., 9 F.R.D. 565; Ryan Distributing Corp. v. Caley, D.C., 51 F.Supp. 377. Confined to that simple test, it is my reasoned conclusion that the counterclaim in its content and prayer for relief is clearly equitable in its nature and therefore is not sufficient to support the demand for a jury trial.

The gravamen of this counterclaim bespeaks equity throughout. The charges of confidential disclosure, unjust enrichment, wrongful appropriation of ideas and market indicate in my judgment the framing of an equitable claim. The gist of the claim presented in the counterclaim seems stated as one for an accounting of profits, ordinarily equitable. Taylor v. McKeever, D.

C., 1 F.R.D. 565, 566. The damage claim seems incidental to the substantial equitable relief sought.

With no intent to labor my conclusion, which now to me is inescapable as to the nature of the counterclaim, it seems important to note that in the previous review in this action, 197 F.2d 757, 761, footnote, 9, attention is called to the misuse of confidential information by previous reference of the court to Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 923. It is there stated in such instance of misuse a person should be held liable for profits and damages upon the principle that equity will not permit one to unjustly enrich himself at the expense of another.

In my judgment, there are outstanding differences between the situation here and the unusual one in Matarese v. Moore-McCormack Lines, 2 Cir., 158 F.2d 631, 170 A.L.R. 440. The action there commenced as one properly in law upon an alleged express contract, but was amended and submitted to the jury upon the theory of unjust enrichment, seeking damages solely on a quantum meruit basis. The method of jury trial was continued after the amendment and apparently accepted by the litigants. In my judgment, the case must be confined to its own peculiar circumstances.

■ It seems necessary for me to pass upon the contention of the plaintiffs that in any event under the present state of the issues the present demand for a jury trial is not timely and therefore such right has been waived. This contention has merit. In the previous review, the Court of Appeals, Second Circuit, 197 F.2d 757, by reversing the order striking the non-patent claims from the complaint of the defendant in effect reinstated such issues which it divided into two non-patent claims. Despite my interpretation of the denials running to such claims, it seems that such denials are accepted as sufficient and tendered completed issues in that respect. The counterclaim is predicated substantially on the same theory as the declaratory relief asked for in the complaint on these issues and adds nothing new. If the equitable nature of the counterclaim were not present, I would be con-

strained to hold under the present status of the case that the demand is not timely.

The motion to strike the demand for a jury trial is granted upon the grounds that the issues are equitable in their nature and the demand is not timely.

An order may be submitted accordingly.