**WALLACE PRODUCTS, Inc.,**

v.

**FALCO PRODUCTS, Inc., Charles Shore, and Morton Shore.**

Civ. A. No. 20646.

United States District Court
E. D. Pennsylvania.

Aug. 27, 1956.

Maximillian J. Klinger, Theodore Mann, Arthur H. Seidel, Philadelphia, Pa., for plaintiff.

Max R. Millman, Ceasar & Rivise, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

The plaintiff, in its first cause of action, asks for a declaratory judgment of invalidity and non-infringement by it of two patents (2,743,978 and 2,743,979) owned by the defendant, Falco Products, Inc. The complaint charges that two advertisements inserted in a trade paper by the defendant, Falco, amounted to threats to sue the plaintiff and its customers for infringements of the patents. This is a motion by the defendants to dismiss the complaint, so far as it relates to the '979 patent, on the ground that no justiciable controversy exists.

The defendant's two advertisements are, it is true, in many ways similar to the advertisements in the case of Uniflow Mfg. Co. v. Irac Corp., 3 Cir., 185 F.2d 677, which the Court of Appeals said "did not establish or define an area of conflict between these parties." The significant difference, however, is that in the present case the advertisements contain pictures of the defendants' table which are so like the plaintiff's table that the trade could well believe that the threat of prosecution was specifically directed against the plaintiff and its customers. It seems to me that the decision of the Court of Appeals in Federal Telephone & Radio Corp. v. Associated Telephone & Telegraph Co., 3 Cir., 169 F.2d 1012, supports the view that these advertisements do create an area of conflict between these two parties.

At the argument, counsel for the defendants agreed unequivocally to file a judicial admission of non-infringement as to patent '979 "just as they did in the Uniflow case." If this were done, would it eliminate all justiciable

controversy between the parties? In answering, one must bear in mind the fact that the advertisements specified both the '978 and '979 patents by number, and displayed a table which would make a purchaser of the plaintiff's table think that he might be participating in an infringement. Is this situation cured by the defendants saying to the plaintiff "We have no controversy with you as to the '979 patent because we admit that you do not infringe it"? In other words, where a party creates in the trade the impression that he will sue those of the public who buy from a rival manufacturer, is there not a real controversy as to the validity or infringement of the patent, even though the patentee has informed his rival that he does not consider that he infringes?

The answer would seem to be "Yes". The declaratory judgment action was designed to grant relief where relief was needed and other forms of action were not available. A manufacturer may find peace of mind in the assurance that he himself will not have to face an infringement suit, but his business is likely to suffer as long as his customers are led to believe that they will if they buy his product.

The motion will be denied.