**WALLACE PRODUCTS, INC.**

v.

**FALCO PRODUCTS, INC., Charles Shore and Morton Shore.**

**Civ. A. No. 20646.**

United States District Court
E. D. Pennsylvania.
April 17, 1957.

Maximillian J. Klinger, Arthur H. Seidel, Theodore Mann, Philadelphia, for plaintiff.

Max R. Millman, David M. Hass, A. D. Caesar, Caesar & Rivise, Bernard S. Ochman, Philadelphia, for defendants.

GANEY, Chief Judge.

Plaintiff, a manufacturer of portable folding tables, brought this action on May 1, 1956, pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, seeking a judgment declaring that two patents (nos. 2,743,978 and 2,743,-979), owned by defendant Falco Products, Inc., are invalid, and that if patent numbered "978" is found to be valid, it has not been infringed by plaintiff.[1] Plaintiff has also charged the defendants with unfair competition. On May 28, 1956, defendants filed a motion to dismiss the complaint so far as it relates to patent numbered "979." Pending the court's decision on the motion, Falco Products, on July 3, 1956, brought separate actions against two of plaintiff's customers charging them with infringe-

1. Defendants do not claim that plaintiff has infringed patent no. 2,743,979.

ment by reason of their reselling of portable tables, which were manufactured by plaintiff (Wallace Products, Inc.) allegedly according to the design in patent numbered "978." One of the actions (Civil Action No. 20,959) was against Lit Brothers in this court, and the other (Civil Action No. 16,691) was against B. Gertz, Inc. in the United States District Court for the Eastern District of New York.

On August 17, 1956, plaintiff filed a motion to enjoin Falco Products from proceeding with the action against B. Gertz, Inc. and to stay the proceeding against Lit Brothers pending a final judgment in this action. The motion also contains a prayer to enjoin that defendant from bringing future suits against plaintiff's customers elsewhere. Subsequently, Chief Judge William H. Kirkpatrick denied defendant's motion to dismiss. D.C.E.D.Pa.1956, 145 F. Supp. 629. The appeal from this ruling was dismissed for want of jurisdiction to hear it. 3 Cir., 242 F.2d 958.

The reasons for plaintiff's motion for an injunction and stay are to prevent harassment of its customers by Falco Products and to keep its expenses of litigation at a minimum. Defendant's objection to the motion is founded on two propositions. First, no benefit will be derived from our allowing of the motion, for no matter how the issues of validity and infringement are decided in this action, the judgment will have no legal consequences on plaintiff's customers in the other actions. Second, plaintiff is a newly formed corporation and there is substantial doubt as to its being financially responsible to meet the damages which may be awarded should defendant prevail in this action on its proposed counterclaim for the alleged infringement of patent numbered "978."

The basis for defendant's first proposition is that the parties in this action are not the same. If we read the caption of the other two cases, it is quite apparent that the parties are not the same as those in this action. But we must look a little farther. On the question of invalidity and non-infringement, Falco Products is the sole party-defendant in interest here. Plaintiff joined the other two individual defendants because of its claim of unfair competition. In the other actions, Wallace Products has made known its intention to defend its customers and to conduct the defense. This proposed action has been consented to by Lit Brothers and B. Gertz, Inc. Therefore, if either one of those actions proceeds to final judgment in favor of the customers prior to a final judgment in this action, Falco Products would be bound by that judgment. Souffront v. La Compagnie Des Sucreries, 1910, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846; Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 1939, 107 F.2d 548; Lyons v. Baer & Wilde Co., 1 Cir., 1928, 26 F.2d 599. Similarly, if the final judgment is in favor of Falco Products, Wallace Products would be bound here. Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 1941, 120 F.2d 82, 139 A.L.R. 1; Bemis Car Box Co. v. J. G. Brill Co., 3 Cir., 1912, 200 F. 749; D'Arcy v. Staples & Hanford Co., 6 Cir., 1908, 161 F. 733; Aghnides v. S. H. Kress & Co., D.C.M.D.N.C.1956, 140 F.Supp. 582, 587–588. A judgment in plaintiff's favor in this action will bar action against its customers. Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 1951, 342 U.S. 180, 185–186, 72 S.Ct. 219, 96 L.Ed. 200; Kessler v. Eldred, 1907, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Bechik Products v. Flexible Products, 2 Cir., 1955, 225 F.2d 603, 606; Larson v. General Motors Corporation, 2 Cir., 1943, 134 F.2d 450. Except for a case squaring with the instant one, we can see no good reason why Lit Brothers and B. Gertz, Inc. would not be bound by a prior final judgment in this action on the question of validity and infringement in favor of Falco Products. Hence, it cannot be said that no purpose would be served by enjoining Falco Products from going forward with the other two actions.

■■ This brings us to the question whether the facts in this action present compelling circumstances warranting the allowing of plaintiff's motion. Plaintiff Wallace Products, Inc. and defendant Falco Products, Inc. have their general offices and factories in Philadelphia, Pennsylvania; both are Pennsylvania corporations. The remaining two individual defendants are citizens of Pennsylvania. Lit Brothers, a division of a Delaware corporation, has a large and regularly established place of business in Philadelphia. Although B. Gertz, Inc. is not subject to service of process issued out of this court, its place of business in New York City is within 100 miles of the situs of this court. Consequently all the records which may be required in the three actions are subject to subpoena by this court.[2] By agreement plaintiff is obligated to indemnify and hold harmless Lit Brothers and B. Gertz, Inc. from all damages and costs by reason of their reselling of plaintiff's tables. Without its consent plaintiff is not amenable to process in the Eastern District of New York. The instant action was filed prior to the other two actions. The validity and infringement of the same patent are in issue in all three actions. And there has been no showing that all the relief sought by Falco Products could be afforded it more expeditiously and effectively in the other actions than in this declaratory proceeding.[3] These facts, without more, it seems to us, are compelling enough to warrant exercising our discretion to grant plaintiff relief on its motion. The case of Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, 929–930, it seems to us, provides additional confirmation for this action.

Concerning defendant's second proposition, even if we assume that plaintiff is financially unable to respond in damages, the reason for setting it forth is hard to understand. Plaintiff's motion is neither one to dismiss the other actions nor one to substitute the assets of plaintiff for those of its customers. Should Falco Products later prevail in this action, it could proceed against plaintiff's customers[4] in the other actions to get complete satisfaction for damages. See Wagner Sign Service, Inc. v. Midwest News Reel Theatres, Inc., 7 Cir., 1941, 119 F.2d 929.

■ As for plaintiff's prayer to enjoin Falco Products from starting suits in the future against plaintiff's customers elsewhere, we will give it no attention until plaintiff furnishes a bond conditioned on its payment of any award which Falco Products might obtain in those suits. See Bechik Products v. Flexible Products, supra, 225 F.2d at page 607.

■ Accordingly, plaintiff's motion to enjoin Falco Products, Inc. from proceeding with the action against B. Gertz, Inc. until further order of this court will be allowed; its motion to enjoin Falco Products, Inc. from proceeding with the action against Lit Brothers will be denied, and the action will be ordered consolidated for trial with this action; and its prayer to enjoin Falco Products from starting future suits against its (plaintiff's) customers elsewhere will be denied without prejudice.

---

2. Rule 45(e) of the Federal Rules, 28 U.S. C.A., provides in part: "A subpoena requiring the attendance of a witness at a hearing or a trial may be served * * * at any place without the district that is within 100 miles of the place of hearing or trial specified in the subpoena * *."

3. See Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 1942, 130 F.2d 474.

4. B. Gertz, Inc. has the largest department store in Queens, New York City, while Lit Brothers ranks with the largest department stores in the Greater Philadelphia area.