WHAM–O–MFG. CO., a corporation,
Appellant,

v.

PARADISE MANUFACTURING CO., a
corporation, Appellee.

No. 18442.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1964.

Christie, Parker & Hale, and Robert R. Thornton, Pasadena, Cal., for appellant.

William C. Babcock and G. Merle Bergman, Long Beach, Cal., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BOWEN, District Judge.

KOELSCH, Circuit Judge.

Wham-O-Mfg. Co., the owner of Carrier patent [U.S. Letters Patent #2982547, issued May 2, 1961] brought this suit against Paradise Manufacturing Co. for patent infringement and unfair competition. Both parties are corporations organized under the laws of California and have their principal places of business in that state.

The district court, concluding that the patent was invalid and not infringed, dismissed the infringement claim on defendant's motion for summary judgment; and at the same time the court acting sua sponte dismissed the claim for unfair competition. Plaintiff has appealed. Finding no reversible error, we affirm the judgment.

The patent relates to an amusement device in the form of a slide. The patent claims comprise a combination consisting of a smooth strip of flexible material, such as vinyl plastic, and a sprinkler or "irrigating means" to moisten the surface of the material. The two components are integrated by attachment of the water conduit, either along a side or at an end of the strip. The contrivance is useful for a sport ( ? ) referred to as "body planing." Thus, when the slide is laid out and the surface wetted a player can hurl his body in a horizontal plane upon it and slide like a flat stone skipping upon a pond.

The district court declared that the presumption of validity arising from the grant of the Carrier patent [35 U.S.C.A. § 282, Neff Inst. Corp. v. Cohu Electronics Inc., 298 F.2d 82 (9th Cir. 1962)] was "upset" because the patent examiner had failed to consider the latest pertinent prior art during the prosecution of the patent application. Gomez v. Granat Bros., 177 F.2d 266 (9th Cir. 1949), cert. den. 338 U.S. 937, 70 S.Ct. 351, 94 L.Ed. 578 (1950). We disagree. It appears that the Carrier patent did not list as references any patents which disclosed an irrigating means like the one comprising an element of the claimed combinations, but the defendant in support of its motion submitted as an exhibit an earlier patent to one Summers (U.S. Letters Patent #2,314,525 issued May 13, 1943). We do not understand how this omission could in any way affect the presumption. In Nordell v. International Filter Co., 119 F.2d 948 (7th Cir. 1949) and Himmel Bros. Co. v. Serrick Corp., 122 F.2d 740 (7th Cir. 1941), cases relied upon by the defendant, it appeared that the combination itself was anticipated by a single patent not listed as a reference in the patent under attack. See also A. R. Inc. v. Electro-Voice Inc., 311 F.2d 508 (7th Cir. 1952). That is not true here, for Summers at best discloses only one of the constituent parts of the patented combination.[1] And indeed, plaintiff readily acknowledges that these parts individually are all old.

It has long been settled that the separate presence in the prior art of each of the elements of a combination will not prevent the finding of invention.[2] But

---

1. The Summers patent teaches that a length of garden hose having one end closed and the other fitted with a coupling for attachment to a hydrant; holes at intervals along the hose permits discharge of water along the adjoining area.

2. "Where a thing patented is an entirety consisting of a single device or combination of old elements incapable of division or separate use, the respondent cannot escape the charge of infringement by alleging or proving that a part of the entire thing is found in one prior art patent or printed publication or machine and another part in another prior exhibit and still another part in a third one, and from the three, or any greater number of such exhibits, draw the conclusion that the patentee is not the original and first

the question remains whether the concept of the joinder of the parts evidences invention. In Great Atlantic and Pacific Tea Corp. v. Supermarket Equipment Corp., 340 U.S. 147, 150, 71 S.Ct. 127, 129, 95 L.Ed. 162 (1950) the Supreme Court said that: "While this Court has sustained combination patents, it has never ventured to give a precise and comprehensive definition of the test to be applied in such cases." And numerous decisions demonstrate that the Court's inquiries have proceeded along at least two different lines. For example, in Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corporation, supra, Hailes v. Van Wormer, supra, and Pickering v. McCullough, 104 U.S. 310, 26 L. Ed. 749, the Court looked to find whether all the component parts of the combination cooperated with one another to produce a single new and useful result and, having ascertained that each operated independently, held the claims invalid for lack of invention.[3] However, in Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58 (1941), Altoona Publix Theatres v. Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005 (1937) and Concrete Appliance Corp. v. Gomery, 269 U.S. 177, 46 S.Ct. 42, 70 L.Ed. 222 (1925), the inquiry was not so much directed to the functioning of the various elements as it was to the degree of skill evidenced by their assemblage into the new combinations; and in those cases the Court invalidated the patents on the ground that to conceive such combinations required no more than ordinary mechanical skill (35 U.S.C.A. § 103).[4]

inventor of the patented improvement." Bates v. Coe, 98 U.S. 31, 48, 25 L.Ed. 68 (1878). See also Hailes v. Van Wormer, 87 U.S. 353, 20 Wall. 353, 22 L. Ed. 241 (1873).

3. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, p. 152, 71 S.Ct. 127, p. 129, 95 L.Ed. 162: "The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable." Hailes v. Van Wormer, 87 U.S. 353, p. 368, 22 L.Ed. 241: "It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results each the complete product of one of the combined elements. * * * Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention." Pickering v. McCullough, 104 U.S. 310, p. 318, 26 L.Ed. 749: "In a patentable combination of old elements, all the constituents must so enter into it as that each qualifies every other; to draw an illustration from another branch of the law, they must be joint tenants of the domain of the invention, seised each of every part, *per my et per tout*, and not

mere tenants in common, with separate interests and estates. It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions. Otherwise it is only a mechanical juxtaposition, and not a vital union."

4. Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, pp. 89–90, 62 S.Ct. 37, p. 39, 86 L.Ed. 58: "More must be done than to utilize the skill of the art in bringing old tools into new combinations. * * * We may concede that the functions performed by Mead's combination were new and useful. But that does not necessarily make the device patentable. Under the statute (35 U.S.C. § 31; r. s. § 4886) the device must not only be 'new and useful,' it must also be an 'invention' or 'discovery.' Thompson v. Boisselier, 114 U.S. 1, 11 [5 S.Ct. 1042, 1047, 29 L.Ed. 76]. Since Hotchkiss v. Greenwood, 11 How. 248, 267, 13 L.Ed. 683, decided in 1851, it has been recognized that if an improvement is to obtain the privileged position of a patent more ingenuity must be involved than the work of a mechanic skilled in the art." Altoona Publix Theatres v. Tri-Ergon Corp., 294 U.S. 477, p. 486, 55 S.Ct. 455, p. 458, 79 L.Ed. 1005: "An improvement to an apparatus or method, to be patentable, must be the result of invention, and not the mere exercise of the skill of the

■ We need not pause in the case at bar to determine whether the material and the sprinkler operate in combination to produce the requisite new unitary result. Even if we were of the opinion—which we are not—[See Grinnell Washing Machine Co. v. E. E. Johnson Company, 247 U.S. 426, 38 S.Ct. 547, 62 L. Ed. 1196 (1918)] that they do, it is clear to us beyond any doubt that bringing them together did not evidence the "inventive genius," often spoken of by the Supreme Court as a test for invention. See Mr. Justice Douglas, concurring in Great Atlantic & Pacific Tea Co., 340 U.S. 154, 71 S.Ct. 131, 95 L.Ed. 162.

■ Slides, of course, are not novel and we have no hesitancy in recognizing that they were a common type of amusement device long before the date of Carrier's patent (May 2, 1961). The fact is likewise well known that a film of water will lower the co-efficient of friction of a smooth surface—in short, that a slide can be made more slippery than it otherwise would be by adding lubricant through means of a sprinkler. We think, as did the trial court, that the combination was obvious. Particularly apt are the following extracts from Glagovsky v. Bowcraft Trimming Co., 267 F.2d 479 (1st Cir. 1959), cert. den. 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed.2d 120 (1959), a case very much like the one before us: "The prior art and the patent claims are so simple that they can be readily understood by any normally intelligent person

without the aid of expert testimony. There was, therefore, no error below in disposing of the plaintiff's suit on the motions for summary judgment and their supporting affidavits, depositions and exhibits." (267 F.2d p. 480). "* * * The plaintiff's advance may well be useful and ingenious. But making full allowance for the presumption that the patent is valid and placing the burden of establishing its invalidity on the defendant, 35 U.S.C. § 282, it does not seem to us that even in the light of plaintiff's commercial success it can be said that the plaintiff's contribution, viewed either against the background of the allied prior arts * * * or against the background of the particular prior art * * * can be called an invention without defining that term to describe no more than the sort of advance to be expected from any ordinarily skillful mechanic conversant with any of the arts involved." (267 F.2d p. 482).

■ By its judgment the District Court also determined and decreed that defendant's slide, marketed under the name "Surf N'Glide" did not infringe any claims of the Carrier patent. In view of our conclusion that the patent was invalid, we do not reach the issue of infringement. A valid patent is essential to such a claim. Bergman v. Aluminum Lock Shingle Corp., 251 F.2d 801 (9th Cir. 1958); Diversey Corp. v. Charles Pfizer & Co., 255 F.2d 60 (7th Cir. 1958).

calling or an advance plainly indicated by the prior art. Electric Cable Joint Co. v. Brooklyn Edison Co., 292 U.S. 69, 79, 80 [54 S.Ct. 586, 78 L.Ed. 1131]. The inclusion of a flywheel in any form of mechanism to secure uniformity of its motion has so long been standard procedure in the field of mechanics and machine design that the use of it in the manner claimed by the present patent involved no more than the skill of the calling."

Concrete Appliances Corp. v. Gomery, 269 U.S. 177, p. 185, 46 S.Ct. 42, p. 45, 70 L.Ed. 222: "This progressive adaptation, much of which preceded and some of which was contemporaneous with the Callahan adaptation, of well known devices

to new but similar uses 'is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice.' Hollister v. Benedict Manufacturing Co., supra, 113 U.S. 59, at page 73, 5 S.Ct. 717 at page 724, 28 L.Ed. 901. No novel elements were used by Callahan in his device. We are unable to find that their use in combination in it was more than the application to them of mechanical skill in the course of a natural development and expansion of the art."

 The propriety of the district court's dismissal of the claim of unfair competition presents a more difficult question. Plaintiff had alleged in its complaint that the subject matter was within the pendent jurisdiction of the district court by virtue of 28 U.S.C.A. § 1338(b). That section provides that a district court may entertain and adjudicate "a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * laws." The district court clearly was of the view that loss of jurisdiction over the dependent claim was a necessary corollary of its ruling of patent invalidity. It opined that "The second count being for unfair competition finds no jurisdictional support in 28 U.S.C.A. 1338 (b), inasmuch as judgment goes against the plaintiff on the first count [i. e. patent infringement] and hence there is no 'substantial and related claim' under the patent law to support jurisdiction of the unfair competition count." [5] In this the court erred.

The Supreme Court in Hurn v. Oursler, 289 U.S. 238, 243, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) said: "This court [has] held that the circuit court, having acquired jurisdiction by reason of the federal questions involved, 'had the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only.'" It is true that this statement was made with reference to a complaint disclosing two grounds, one

federal and the other local, for recovery on a single cause of action and not to a complaint covering two distinct claims— one of which was non-federal. But Section 1338(b) was thereafter enacted. And as we noted in Stauffer v. Exley, 184 F.2d 962, 964 (9th Cir. 1950), "In construing the sections of title 28 weight should be given to the reviser's notes which were included in the committee reports when the legislation was before Congress. See Ex parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, 10 A.L.R.2d 921; United States v. National City Lines, 1949, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226. The reviser's note to § 1338 states: 'Subsection (b) is added and is intended to avoid "piecemeal" litigation to enforce common-law and statutory copyright, patent, and trade-mark rights by specifically permitting such enforcement in a single civil action in the district court. While this is the rule under Federal decisions, this section would enact it as statutory authority. The problem is discussed at length in Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and in Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9, majority and dissenting opinions.'"

Thus, in O'Brien v. Westinghouse Electric Corp., 293 F.2d 1, (3d Cir. 1961) it was recognized that the involuntary dismissal of the claim of patent infringement, at the conclusion of plaintiff's evidence, did not oust the trial court of jurisdiction to continue with the non-federal claim of unfair competition. And in Schreyer v. Casco Products Corp., 190

---

5. Defendant readily acknowledges that the claim of patent infringement was "substantial" but suggests it was not "related" to the competition claim, as is also required by § 1338(b); the suggestion is made that such deficiency afforded the basis for the trial court's dismissal. The term "related" refers to probative facts; it means that part of the proof in support of one claim be common to the other. The amount of the proof required varies among the several circuits, this circuit being among those that has adopted a liberal construction in order to facilitate joinder. Pursche v. Atlas Scraper Engi-

neering Co., 300 F.2d 467 (9th Cir. 1962) cert. den. 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed.2d 170, rehearing denied, 371 U.S. 959, 83 S.Ct. 499, 9 L.Ed.2d 507. In this case, the summary judgment motion was not directed against the competition claim and the materials before the district court were not concerned with it; consequently the nature of that claim and the proof was not asserted. There, the claim was not enlightening, since the claims against it were very general. On this record it would require speculation to conclude that the claim was not "related."

F.2d 921 (2d Cir. 1951), cert. den. 342 U.S. 913, 72 S.Ct. 360, 96 L.Ed. 683 (1952), the Second Circuit held that where the federal claim of patent infringement was "substantial" [6] and "related" to its non-federal companion claim of unfair competition so as to bring it within the purview of § 1338(b), the reversal of the judgment holding the patent valid and infringed would not deprive of jurisdictional support that part of the judgment determining the defendant liable for unfair competition. But as Judge Magruder, concurring in Strachman v. Palmer, 177 F.2d 427, 433 (1st Cir. 1949) aptly stated: "Federal courts should not be overeager to hold onto the determination of issues that might be more appropriately left to settlement in state court litigation merely because they have 'jurisdiction' to do so by virtue of a complaint making an unfounded claim of federal right. In Hurn v. Oursler, supra, there was a persuasive practical reason for the exercise of such pendent jurisdiction, for in that case the district court, in order to dispose of the federal claim of copyright infringement, was required to take the entire evidence necessary to resolve the almost parallel non-federal claim of unfair competition, and it would obviously serve everyone's convenience for the court to adjudicate the whole case, both in its federal and non-federal aspects. But in the present case

it was not necessary to go to trial to dispose of the federal claim on its merits. That claim could have been disposed of as a matter of law upon motion to dismiss. If such motion had been made, I am not prepared to say that the district court would have been in error in dismissing the whole case. * * *" [7]

■ And in the case before us, although we are satisfied the district court did have jurisdiction over the non-federal subject matter, we believe that on this record the court, in the exercise of a sound discretion, had no choice but to dismiss the complaint with respect to that claim. Unlike Hurn v. Oursler, commented upon by Judge Magruder, or Telechron, Inc. v. Parissi, 197 F.2d 757 (2d Cir. 1952) where dismissal was ordered after sixteen days of trial during which plaintiff had adduced evidence covering both federal and non-federal claims and where the federal claim was still before the court, here neither the plaintiff's energy nor the court's time had been so occupied, the federal claim no longer existed and the claim remaining was one more appropriately belonging in a state rather than a federal court. Moynahan v. Pari-Mutuel Employees Guild of Calif., 317 F.2d 209 (9th Cir. 1963).

The district court dismissed the unfair competition claim, but since the merits were not reached, the dismissal should

6. We accept this statement as setting out the test of substantiality: "Presumably § 1338(b) means nothing more than the claim under the patent law must satisfy the test of substantiality generally exacted when a jurisdictional challenge is asserted in a federal court. In such instances the question is whether the claim jurisdictionally assailed is 'obviously without merit' or its unsoundness ' "clearly results from previous decisions" ' of the Supreme Court. Levering & Garrigues Co. v. Morrin, 1933, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. Jurisdiction to adjudicate is wanting only where the federal claims stated in the complaint are so unsubstantial as 'to be frivolous or * * * plainly without color of merit.' Binderup v. Pathe Exchange, 1923, 263 U.S. 291, 306, 44 S.Ct. 96, 98, 68 L.Ed. 308. If it appears that a plain-

tiff is 'not really relying upon the patent law for his alleged rights' then the claim does 'not really and substantially involve a controversy within the jurisdiction of the court'; otherwise jurisdiction exists regardless of whether the claim ultimately be held good or bad. The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, [24], 25, 33 S.Ct. 410, 411, 57 L.Ed. 716." O'Brien v. Westinghouse Electric Corp., 293 F.2d 1, at 11 (1961) quoting with approval American Securit Co. v. Shatterproof Glass Corp., D.C.D.Del.1958, 166 F.Supp. 813, affirmed 3 Cir. 1959, 268 F.2d 769.

7. This view was subsequently approved as the rule of the first circuit in Massachusetts Universalist Convention v. Hildreth & Rogers Co., 183 F.2d 497 (1st Cir. 1950).

have been of the complaint and not the claim. This will permit plaintiff, if it so desires, to litigate the competition claim in an appropriate state court. The judgment is modified to recite that plaintiff's complaint, as to the Second Count, is dismissed without prejudice to litigate any such cause of action in an appropriate state forum.

As modified, the judgment is affirmed. Costs to appellee.