**HOMEWOOD INDUSTRIES, INC., an Illinois corporation, Plaintiff,**

v.

**Thomas CALDWELL, Individually, and d/b/a Cabinetpak Kitchens and Carefree Kitchens, Inc., a corporation, Individually and d/b/a Cabinetpak Kitchens, Defendants.**

**No. 73 C 1175.**

United States District Court, N. D. Illinois.

July 30, 1973.

Stuart C. Wallace, Chicago, Ill., for plaintiff.

Mover & Harhen, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to submit the cause to arbitration.

This is a civil action allegedly arising under the Patent and Trademark Laws of the United States for infringement of a United States Patent and a federally registered trademark and for unfair competition. Jurisdiction is conferred on this Court by 28 U.S.C. § 1338(a) and (b) and by 15 U.S.C. § 1121.

The plaintiff, Homewood Industries, Inc., is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business and offices at Homewood, Illinois. The defendants, Thomas Caldwell and Carefree Kitchens, Inc., a corporation allegedly owned, operated and controlled by Thomas Caldwell, doing business as "Cabinetpak Kitchens", are citizens and residents of the State of Arizona, with offices and places of business in Arizona cities of Phoenix and Tucson.

The plaintiff in the complaint alleges, *inter alia*, the following facts:

1. Since 1966 the plaintiff has been engaged in the business of the manufacture and sale of plastic laminated panels used in renovating kitchen cabinets, under the Registered Trademark of "Cabinetpak". The trademark was registered by the United States Patent Office on December 19, 1967 as Registration Number 840,745. The plaintiff since 1969 has manufactured, marketed and sold said plastic laminated panels under its Trademark "Cabinetpak" through a franchise program throughout the United States. The plaintiff entered into a written agreement with the defendant Thomas Caldwell on September 30, 1971 which constituted an assignment of a written Exclusive Franchise Agreement dated April 7, 1970.

2. Pursuant to this Exclusive Franchise Agreement, the plaintiff granted the defendant, Thomas Caldwell, the right to the promotion of "Cabinetpak" laminated panels as plaintiff's franchise and further granted said defendant a license to use the plaintiff's Registered Trademark "Cabinetpak".

3. The defendants, Thomas Caldwell and Carefree Kitchens, Inc., with knowledge of the premises have disregarded and violated paragraphs 11 and 17 of said Exclusive Franchise Agreement respectively entitled "11. Techniques and

Trade Secrets" and "17. Covenant, Not to Compete". The plaintiff, for such reasons set forth in a certified letter sent to the defendant Thomas Caldwell on March 16, 1973 and received by the defendant on March 21, 1973, terminated the Exclusive Franchise Agreement. After receiving written notice to cease and desist and intending to avail themselves of the reputation and good will attached to the trademark "Cabinetpak", the defendants have continued to operate their business using the plaintiff's Registered Trademark "Cabinetpak" and offering to sell laminated panels for renovating old kitchen cabinets under the Trademark "Cabinetpak". The use of plaintiff's trademark, trade name and trade brands on the part of defendant, and putting of their goods on the market in the manner stated above not only was an infringement of plaintiff's lawful trademark, trade name and trade brand, but also unfair and unlawful competition on the part of the defendants.

4. On October 1, 1968, U. S. Patent No. 3,403,953 was duly issued to plaintiff herein, under the provisions of Title 35, United States Code, for an invention entitled "Device for renovating old cabinets", and since that date plaintiff has been and still is the owner of this patent and all rights thereunder, including the right to recover damages for infringement. On information and belief plaintiff claims that the defendants have, at least six months prior to the filing of this complaint, been infringing the aforesaid Patent Number 3,403,-953 by making, using, selling and installing devices for renovating old cabinets of the type claimed therein, and as advertised by the defendants, in the State of Arizona. Plaintiff has given the defendants actual notice of their patent infringement, defendants have continued to make, use, sell and install devices for renovating old cabinets. Accordingly, plaintiff believes that said acts of patent infringement will continue and thereby cause irreparable damage to plaintiff, unless defendants are enjoined from continuing therein during the life of the patent, No. 3,403,953.

5. In addition to the above cited cases, defendant Thomas Caldwell owes the plaintiff $8,400.38 for goods sold and delivered by plaintiff to said defendant between May 1971 through December 1972; and owes the plaintiff $1,000.00 as guarantor of an unpaid promissory note due September 3, 1971.

The defendants, in support of their motion to submit the cause to arbitration, contend:

1. Paragraph "18" of the Franchise Agreement states as follows:

"In the event that the parties hereto cannot settle any difference as to the execution, interpretation or enforcement of this agreement, then the parties hereto agree that all disputes shall be submitted to arbitration in accordance with the laws of the State of Illinois applicable thereto, and that the arbitrators selected by parties shall convene in the County of Cook, State of Illinois. Each party shall select one (1) arbitrator and the two arbitrators shall select a third arbitrator. The arbitrators' decision shall be binding upon the parties and the costs of the arbitrators shall be divided equally."

2. Paragraph "19" of the Franchise Agreement provides, in part, as follows:

"This agreement is completed in the State of Illinois and the validity, interpretation, performance and all rights and obligations of the parties hereunder shall be gov-

**1204**

erned by the laws of the State of Illinois."

3. There was as of the date of the Execution of the Agreement, in full force and effect in the State of Illinois, Chapter 10 of the Illinois Revised Statutes, known as the Uniform Arbitration Act.

The plaintiff, in opposition to the instant motion, contends that this Court has original jurisdiction over the instant action since it involves a patent and trademark and that pursuant to paragraph 17 of the Exclusive Franchise Agreement the plaintiff has the right, pursuant to the defendants' violation of that paragraph, to "obtain injunction in any Court of competent jurisdiction against the Franchisee who shall pay all the Franchisor's costs, fees and expenses incident thereto".

It is the opinion of this Court that the plaintiff's complaint sounds in patent and trademark infringement so that pursuant to 28 U.S.C. § 1338 this Court has original jurisdiction and the matter should not be presently submitted to arbitration.

 It is well settled that the jurisdiction of federal courts in cases arising under the patent and trademark law of the United States is exclusive. United States v. American Bell Telephone, 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255 (1895); Baglin v. Cusenier, 221 U.S. 580, 31 S.Ct. 669, 55 L.Ed. 863 (1911). To constitute an action arising under the patent and trademark laws, the plaintiff must set forth some right, title or interest under the respective laws or at least make it appear that some right or privilege will be defeated by one construction or sustained by the opposite construction of these laws. Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388 (1885); Pratt v. Paris Gas, Light, etc., Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458 (1897); National Nu Grape Co. v. Guest, 69 F.Supp. 863 (E.D. Okl.1946), affirmed 164 F.2d 874 (8 Cir.), cert. denied, 333 U.S. 874, 68 S.Ct. 903, 92 L.Ed. 1150. The plaintiff in the

instant action alleges a violation of the federal law in that it claims the defendants have infringed its federally issued patent and trademark. The pleadings to date clearly disclose a cause of action which this Court should take original jurisdiction over and not submit to arbitration. Wham-O-Mfg., Co. v. Paradise Mfg. Co., 327 F.2d 748 (9th Cir. 1964). See also Van Products Co. v. General Welding and Fabricating Co., 419 Pa. 248, 213 A.2d 769, 30 A.L.R.3d 612 (1965).

 However, should it develop from future pleadings and/or pre-trial discovery that the instant action is in reality an action on the Franchise Agreement, this Court does not intend that this ruling should be a bar to arbitration if arbitration is appropriate. See Chicago Fittings Corp. v. Howe, 309 F.Supp. 625 (N.D.Ill.1970); Thomson Machinery Co. v. La Rose, 306 F.Supp. 681 (E.D.La. 1969).

Accordingly, it is hereby ordered that the defendants' motion to submit the cause to arbitration is denied.