**MATTEL, INC., Plaintiff-Appellee,**

v.

**Gilbert P. HYATT, Defendant-Appellant.**

**MATTEL, INC., Plaintiff-Appellee,**

v.

**Gilbert P. HYATT, Defendant-Appellant.**

**Nos. 80–5069, 80–5070.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1981.
Decided Dec. 21, 1981.
Rehearing Denied Feb. 8, 1982.

Edward F. McKie, Jr., Schuyler, Birch, Swindler, McKie & Beckett, Washington, D. C., for defendant-appellant.

Morgan Chu, Barry Jablon, Irell & Manella, Los Angeles, Cal., for plaintiff-appellee.

Before CHOY, Circuit Judge, KASHIWA,* Associate Judge, and REINHARDT, Circuit Judge.

PER CURIAM:

Mattel, Inc. (Mattel) initiated these actions, seeking a declaratory judgment of invalidity with respect to United States Letters Patent 4,016,540 (the '540 patent), issued to Gilbert P. Hyatt, and 4,038,640 (the '640 patent), issued to Gilbert P. Hyatt, among others, and assigned to Micro Computer, Inc. (MCI). Hyatt counterclaimed, alleging that certain handheld electronic games manufactured by Mattel infringed claims 1–4, 6, 7, and 9–15 of the '640 patent, as well as claims 1, 2, 5–7, 9, 12–14, 16, 19 and 20 of the '540 patent. In addition, Hyatt filed several counterclaims based upon state law, including a count alleging unfair competition.

The District Court, prior to trial, dismissed all counterclaims except those alleging patent infringement. After trial on the issues of invalidity, the District Court entered findings of fact and conclusions of law holding all claims of the '640 patent invalid and not infringed, and each of the contested claims of the '540 patent invalid and not infringed.

On appeal, Hyatt challenges the District Court's determinations of obviousness with respect to all contested claims of the '540

and '640 patents, and of an invalidating prior use or sale with respect to all claims of the '640 patent. Hyatt also contests the District Court's dismissal of the counterclaim for unfair competition. We note jurisdiction and affirm.

■ The District Court's findings of fact and conclusions of law were drafted by counsel for Mattel and adopted by the trial judge with minor modifications. We have indicated in previous rulings that this practice may be acceptable in cases involving complex technical or scientific proof, but that such findings, on appeal, must be subjected to "painstaking review." *Photo Electronics Corp. v. England,* 581 F.2d 772, 777 (9th Cir. 1978); *Industrial Building Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1339–40 (9th Cir. 1970).

Nevertheless, the findings of fact supporting the lower court's determinations of invalidity must stand on appeal unless we are convinced that such findings are clearly erroneous. *Astro Music v. Eastham,* 564 F.2d 1236, 1237 (9th Cir. 1977); *Photo Electronics, supra,* at 777.

The claims of the '640 patent are directed to two inventions. The first comprehends an interactive panel device in which control (input) and display (output) elements are defined and mediated under program control, or "soft-wired." The second invention contemplates a computerized "refresh" arrangement whereby the numeric display elements of the panel are actuated, sustained, and updated under program control without significant interference with other processing tasks.

The '540 patent recites a system for the storage, processing, and generation of sound information, using monolithic, or integrated circuit, technology.

The District Court concluded that each of the contested claims of the '640 and '540 patents was invalid for obviousness under 35 U.S.C. § 103.[1]

---

* Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by designation.

1. 35 U.S.C. § 103 provides in pertinent part: "A patent may not be obtained though the invention is not identically disclosed or describ-

■ Our review of the complete trial transcript, the claims of the patents in question, and the prior art upon which the trial judge rested his conclusions of obviousness discloses no clear error. We conclude that the District Court properly applied the test set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).[2] Furthermore, we affirm the District Court's conclusion that Mattel proved the obviousness of the contested claims by clear and convincing evidence. *See Santa-Fe Pomeroy, Inc. v. P & Z Co.*, 569 F.2d 1084, 1091 (9th Cir. 1978); *Saf-Gard Products, Inc. v. Service Parts, Inc.*, 532 F.2d 1266, 1271 (9th Cir. 1976).

■ The District Court also determined that the invention disclosed by the '640 patent was, for purposes of 35 U.S.C. § 102(b),[3] "on sale" prior to December 28, 1969, the earliest critical date which could conceivably be claimed by the patentee. This conclusion is supported by the following findings.

First, the District Court found that Hyatt's company, MCI, entered into a purchase agreement on June 30, 1969, with DS America, Inc. (DS/A), an unaffiliated corporation, for delivery of certain controller apparatus for photo-optical equipment. Second, the lower court found that all claims of the '640 patent were physically reduced to practice by September or October, 1969, and that demonstrations involving DS/A personnel took place during the last week of September, 1969, and on December 1, 1969. Formal acceptance of the device did not take place until December 29, 1969, one day after the critical date. Our review discloses no clear error in these findings.

On appeal, Hyatt contends that no precedent can be found to support the proposition that a reduction to practice of the '640 panel invention, during the performance of an executory sales contract, constituted a commercial exploitation of the device sufficient to invoke the statutory bar. However, it seems clear that the December 1, 1969, demonstration was a commercial display or offering within the context of our prior ruling in *Tucker Aluminum Products, Inc. v. Grossman*, 312 F.2d 293 (9th Cir. 1963). *See also Robbins Co. v. Lawrence Manufacturing Co.*, 482 F.2d 426 (9th Cir. 1973).

Finally, Hyatt alleges that the District Court erred as a matter of law in dismissing Hyatt's counterclaim for unfair competition. We cannot agree.

■ Hyatt alleges jurisdiction of the claim for unfair competition under 28 U.S.C. § 1338(b).[4] The alleged unfair acts took place between June 1, 1977, and November 15, 1978, during which period it is alleged that Mattel, "by false and misleading representations," induced Hyatt to reveal certain confidential information or trade secrets relating to liquid crystal displays, television computer games, and electronic talking dolls.

For a federal court to exercise pendent jurisdiction under 28 U.S.C. § 1338(b), a "considerable overlap" between the factual bases underlying the federal and state

---

ed as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * * "

**2.** "Under § 103, the scope and content of the prior art are to be determined; the differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or non-obviousness of the subject matter is determined. * * " 383 U.S. at 17–18.

**3.** This section provides:

"A person shall be entitled to a patent unless—
(b) the invention was * * * in public use or on sale in this country, more than one year prior to the date of application for patent in the United States. * * * "

**4.** The statute provides:

"The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and *related* claim under the copyright, patent, plant variety protection or trade-mark laws." [Emphasis added.]

claims must be apparent. *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467, 483–4 (9th Cir. 1962), citing *Maternally Yours v. Your Maternity Shop*, 234 F.2d 538, 544 (2d Cir. 1956). "Related," for purposes of the jurisdictional statute, has been defined to require that at least part of the proof in support of the pendent claim be common to the federal claims. *Wham-O Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 n. 5 (9th Cir. 1964).

■ Other than a bare allegation that the aforementioned toys or devices also infringed the patents in suit, appellant Hyatt has averred no colorable area of overlapping facts nor related proof which could form the basis for a proper exercise of pendent jurisdiction, nor is any apparent on the record before us.

■ Thus, our review discloses no error with respect to the District Court's determinations of obviousness, of an invalidating prior use or sale, and of lack of jurisdiction over Hyatt's counterclaim for unfair competition. Accordingly, the judgment of the District Court is affirmed. Mattel's request for attorney's fees relating to this appeal is denied in that Hyatt's appeal was not wholly frivolous. As Mattel has clearly prevailed, however, we allow it costs.

AFFIRMED.