**VERDEGAAL BROTHERS, INC., a California Corp., Appellant,**

v.

**UNION OIL COMPANY OF CALIFORNIA, a Delaware Corp., Appellee.**

No. 84–1131.

United States Court of Appeals, Federal Circuit.

Decided Dec. 18, 1984.

John P. Sutton, Limbach, Limbach & Sutton, San Francisco, Cal., argued for appellant.

Andrew J. Belansky, Christie, Parker & Hale, Pasadena, Cal., argued for appellee. With him on the brief was David A. Dillard, Pasadena, Cal.

Before MARKEY, Chief Judge, and FRIEDMAN and KASHIWA, Circuit Judges.

MARKEY, Chief Judge.

Appeal from an order of the United States District Court for the Eastern District of California dismissing pendent state law counts of a multi-count complaint under Rule 54(b) Fed.R.Civ.P. We *affirm.*

## Background

United States patent 4,310,343 (the '343 patent) on a "Process for Making Liquid Fertilizer" was issued to Verdegaal Brothers, Inc. (Verdegaal) on January 12, 1982. For a period of about two years before issuance of the '343 patent, Verdegaal says it practiced the invention in making liquid fertilizer. During that period, Verdegaal allegedly bought urea from Union Chemicals, a division of Union Oil Company of California (Union Oil), and sold its finished liquid fertilizer to Brea Agricultural Services, Inc. (Brea), a wholly owned subsidiary of Union Oil.

Verdegaal says there were numerous contacts between employees of Union Chemicals, Union Oil, Brea, and Verdegaal before the '343 patent issued: Union Chemical's employees entered Verdegaal's manufacturing facilities; Union Oil's in-house counsel participated in a suit in which Verdegaal's invention was charged as an infringement of a third party's patent; Brea and Verdegaal developed the market for fertilizer made by the process claimed in the '343 patent.

Verdegaal says further that, following the issuance of the '343 patent, Union Oil "stopped buying liquid fertilizer from plaintiff, stopped collaborating in the development of the market for plaintiff's fertilizer, and stopped communicating with plaintiff altogether. [Union] set up a new plant using the same process and apparatus as plaintiff ... and set out to take away plaintiff's business."

### District Court Proceedings

On February 23, 1983, Verdegaal sued Union Oil. Its complaint included Count I, for infringement of the '343 patent, Count II, for misappropriation of trade secrets, and Count III, for unfair competition. Jurisdiction of the state law Counts II and III was allegedly grounded on 28 U.S.C. § 1338(b).

Union Oil moved to dismiss Counts II and III for failure to state a cause of action, Rule 12(b)(6), Fed.R.Civ.P., or, in the alternative, for a more definite statement, Rule 12(e), Fed.R.Civ.P.

At a May 2, 1983 hearing on the motions, the district court *sua sponte* questioned its subject matter jurisdiction of Counts II and III. The district court also questioned whether the unfair competition claim was duplicative of the misappropriation claim.

In ordering briefs on its questions, the district court stated:

The hearing on defendant's motion to dismiss did not clear up the court's concerns regarding subject matter jurisdiction over Counts II and III of the complaint. Title 28 U.S.C. § 1338(b) allows district courts to exercise jurisdiction over a claim of unfair competition when joined with a *related* claim under patent laws. For a claim to be related, at least part of the proof in support of the pendent claim must be common to the federal claims. *Mattel, Inc. v. Hyatt*, 664 F.2d 757, 760–61 (9th Cir.1981).

The court has difficulty in seeing an overlap between the patent infringement claim and the misappropriation of trade secrets claim since plaintiff alleges that the acts that constituted misappropria-tion of trade secrets took place during the two years prior to plaintiff acquiring a patent. *Pate Co. v. RPS Corp.*, 685 F.2d 1019, 1026 (7th Cir.1982).

The district court dismissed Count II for lack of subject matter jurisdiction under section 1338(b). It is conceded that any trade secrets Verdegaal may have had before its patent issued were disclosed in the '343 patent. The district court also granted Union Oil's motion to dismiss Count III to the extent it incorporated Count II, and ordered Verdegaal to amend Count III.

At a July 5, 1983 hearing on Verdegaal's motion for reconsideration, its counsel candidly stated:

As far as the cases are concerned, I think that your Honor is in the inviable [sic] position of probably being unable to do wrong. This is a matter within your discretion. You probably cannot be wrong whichever way it goes, but I urge you—

THE COURT: Not many people agree with that latter comment. I'm not referring to your particular case.

[COUNSEL]: Well, you know, there are cases where there have been interlocutory appeals and the like, but as a practical matter, as I have reviewed these cases before coming here today, invariably the trial judge is affirmed on appeal. Not invariably, but usually the trial judge is affirmed on appeal, so whichever way it goes, either the finding of jurisdiction or the lack of jurisdiction is the kind of thing that usually will not be overturned upon an appeal.

Verdegaal argued that a state trial of the state law claims would involve the same depositions, witnesses, and trial preparations involved in the federal trial on patent infringement. On October 31, 1983, the district court denied Verdegaal's motion to reconsider.

Verdegaal filed a Second Amended Complaint and Demand for Jury Trial. That complaint included Count I for patent infringement and Count II for unfair compe-

tition. Union Oil moved to dismiss Count II, arguing that the factual overlap between Counts I and II was at best marginal, and that the two counts presented distinct factors, each disfavoring a single trial: (1) needless decisions of state law by a federal court; and (2) a substantial likelihood of jury confusion.

On February 2, 1984 the district court dismissed Amended Count II, saying "[i]n the exercise of its discretion, the court declines to hear [Verdegaal's] pendent claim for unfair competition for the reasons set forth in [Union Oil's] memorandum in support of its motion [to dismiss]."

Verdegaal's appeal to this court, No. 84–696, was dismissed on January 27, 1984, for lack of jurisdiction over an appeal from a non-final decision (Davis, J.). Verdegaal moved the district court for an order of final judgment under Rule 54(b), Fed.R. Civ.P. That order having issued April 5, 1984, Verdegaal undertook this appeal.

### Issue

The sole issue present here is whether the district court abused its discretion in dismissing Count II of Verdegaal's second amended complaint.*

### Arguments on Appeal

Verdegaal argues that the district court abused its discretion because: (1) pendent jurisdiction is routinely found over unfair competition claims in patent cases; (2) the pleadings disclose a common background of basic facts, and that substantially the same evidence would apply to both federal and non-federal claims, and; (3) at least part of the proof in support of the state law claims is common to the federal claim. Verdegaal further argues (1) that *de novo* review is appropriate; (2) that reversal is commonplace for failure to exercise pendent jurisdiction, and; (3) that considera-

tions of judicial economy and fairness to litigants require reversal.

Union Oil argues that the district court acted within its discretion because (1) jurisdiction need not be exercised in every case in which it is found to exist; (2) the district court properly considered factors disfavoring the exercise of jurisdiction, such as needless construction of state law and potential jury confusion, and; (3) absence of any substantial overlap of proof between the federal and non-federal claims. Union Oil further argues that discretion is abused only where no reasonable man could take the view adopted by the trial court.

### Analysis

This court will in this case apply the discernible guidance established in Ninth Circuit precedents. *See Atari, Inc. v. JS & A Group, Inc.* 747 F.2d 1422, 1438–1440 (Fed.Cir.1984). *See also Al Bolser's Tire Stores, Inc. v. Bandag, Inc.,* 750 F.2d 903 No. 84–1123 (Fed.Cir. Nov. 8, 1984); *W.L. Gore & Assoc., Inc. v. Int'l Med. Prosthetics Research Assoc., Inc.,* 745 F.2d 1463 (Fed.Cir.1984); *Panduit Corp. v. All States Plastics Mfg. Co.,* 744 F.2d 1564 (Fed.Cir.1984).

■ Under 28 U.S.C. § 1338(b), as with suits based on diversity, jurisdiction of pendent claims in the district court does not compel exercise of that jurisdiction. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Thus, Verdegaal's appeal presents only the question of whether the district court abused its discretion in declining to hear and determine the state law claim and the patent claim together in this case. *See Sunbeam Lighting Co. v. Pacific Associated Lighting, Inc.,* 328 F.2d 300, 302–03 (9th Cir.1964); *Wham-O Mfg. Co. v. Paradise*

---

\* The district court dismissed Count II of the original complaint "for lack of jurisdiction under § 1338(b)" in view of *Mattel, Inc. v. Hyatt,* 664 F.2d 757, 212 USPQ 808 (9th Cir.1981). Verdegaal stipulated that Count II was with-

drawn, its presence in the amended complaint having resulted from inadvertence. The dismissal of Count II of the original complaint is thus not before us.

*Mfg. Co.,* 327 F.2d 748, 753–54 (9th Cir. 1964).

Verdegaal correctly asserts that joinder of federal patent claims and state unfair competition claims is "commonplace." The question before us in this case, however, is not whether the district court had jurisdiction it *could* have exercised over the present state law unfair competition claim; it is whether the court abused its discretion in declining to exercise that jurisdiction.

The Supreme Court in *Gibbs* sets forth a cautious approach to the exercise of pendent jurisdiction: "[i]ts justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the claims." 383 U.S. at 726, 86 S.Ct. at 1139. In addition, "there may be reasons independent of jurisdictional considerations, such as likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.Rule Civ.Proc. 42(b)." *United Mine Workers v. Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139. The dicta in a later Supreme Court discussion, favoring exercise of pendent jurisdiction in federal civil rights actions under 42 U.S.C. § 1983, *see Hagans v. Lavine,* 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974), relates to circumstances distinct from those involved in determining whether to exercise the jurisdiction provided for in 28 U.S.C. § 1338(b). *See* 1 J. MOORE'S FEDERAL PRACTICE, ¶ 0.62[6] (2d ed.1982).

Verdegaal has not on this appeal carried its burden of establishing that the district court abused its discretion in declining to exercise jurisdiction over the state law unfair competition claim.

Only one of sixteen cases cited in Verdegaal's main brief, *Telechron, Inc. v. Parissi,* 197 F.2d 757 (2d Cir.1952) involved reversal of a district court for abuse of discretion in dismissing pendent non-federal claims. In *Telechron,* however, the court had already conducted a trial of the federal and state claims. The court of appeals stated:

Under the circumstances it would seem to conserve judicial effort and save expense to the parties to dispose of the entire controversy in the federal court rather than to send the non-patent claims to the state court where the same evidence *would have to be again presented.* [Emphasis added.]

197 F.2d at 673.

In its reply brief, Verdegaal cites three further instances in which refusal to exercise pendent jurisdiction was deemed an abuse of discretion. The cited authorities, however, involved fact patterns and statutes different from those in the present case and are therefore not persuasive. In *Knuth v. Erie-Crawford Dairy Coop. Association,* 395 F.2d 420 (3d Cir.1968), *cert. denied,* 410 U.S. 913, 93 S.Ct. 966, 35 L.Ed.2d 278 (1973), the district court dismissed a federal antitrust count *and* a pendent state unfair competition claim. The Third Circuit reversed the dismissal of the federal count, and, with it the dismissal of state claim, saying:

In view of the posture of the case before the district court, we think the court lacked an acceptable basis for exercising its discretion to refuse to entertain the pendent jurisdiction claim. We emphasize that the various factors relevant to the exercise of discretion with respect to Count III [the pendent state claim] *will continue to be appropriate matters for consideration by the district court.* [Emphasis added.]

395 F.2d at 427.

In *Brown v. Knox,* 547 F.2d 900 (5th Cir.1977), and *Sparks v. Hershey,* 661 F.2d 30 (3d Cir.1981), the dismissals were of state law claims pendent upon civil rights actions under 42 U.S.C. § 1983, and the courts of appeals, citing *Knuth, supra,* held that the district courts had not set forth "an acceptable basis" for declining to exercise jurisdiction.

If doubt were present here, its resolution would require a determination that no abuse of discretion occurred. Were the scales comparatively evenly balanced, there

would be no warrant for this court to substitute a different balance for that struck by the district court. Though dealing with exercises of discretion in other contexts, the Ninth Circuit has repeatedly stated that principle. In *Delno v. Market St. Ry. Co.,* 124 F.2d 965, 967 (9th Cir.1942), there appears:

> [D]iscretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*Accord Time Oil Co. v. Wolverton,* 491 F.2d 361, 365 (9th Cir.1974); *Adkins v. United States District Court,* 431 F.2d 859, 860–61 (9th Cir.1970); *State of California v. Oroville-Wyandotte Irrigation District,* 409 F.2d 532, 535–36 (9th Cir. 1969). In *Al Bolser's Tire Stores, Inc. v. Bandag, Inc.,* 750 F.2d 903 No. 83–1123/1286 (Nov. 8, 1984), this court cited and applied a Ninth Circuit definition of abuse of discretion appearing in *Playboy Enterprises, Inc. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1275, 216 USPQ 1083, 1085 (9th Cir.1982):

> Review of the trial court's exercise of its discretion is under the abuse of discretion standard, wherein the decision below is not to be disturbed, unless upon a weighing of the relevant factors we are left with "a 'definite and firm conviction' that the court below committed a clear error of judgment."

At 917.

In the present case, the district court clearly supplied an acceptable basis for declining to exercise its jurisdiction over the state law claim. It received supplemental briefs on jurisdiction, memoranda supporting and opposing Union Oil's motion to dismiss, and memoranda on Verdegaal's motion to reconsider. It held two hearings before reaching its determination. The record shows that the district court heard and considered Union Oil's contention that joinder of federal and state counts was inappropriate because (1) any overlap between the factual bases of the federal and state claims was minimal; (2) proof on the state law claim would require substantial additional evidence at trial; (3) a likelihood of jury confusion, was present; and (3) the state law claim was asserted as a means of prejudicing the jury against Union Oil. The district court considered and rejected Verdegaal's contention that exercise of its jurisdiction would facilitate judicial economy and plaintiff's choice of forum.

 The weight to be accorded each of the foregoing contentions lies in the sound discretion of the district court. In assigning appropriate weight and in declining to exercise its jurisdiction in light of all the circumstances of this case, the district court committed no abuse of discretion.

AFFIRMED.